IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. SAG-22-0409 |
| | * | |
| WILSON ARTURO CONSTANZA-GALDOMEZ, et al., | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

### CONSENT MOTION TO EXCLUDE TIME FROM SPEEDY TRIAL CALCULATIONS

The United States of America, by its undersigned counsel, respectfully submits this Motion to Exclude Time from Speedy Trial Calculations, pursuant to 18 U.S.C. §§ 3161(h)(1)(D) and (h)(7)(A). The United States asks this Court to exclude the time period from November 30, 2024 through September 2, 2025. Counsel for Defendants Constanza-Galdomez and Pesquera-Puerto have indicated that they consent to the relief requested in this Motion. Counsel for Defendant Valenzuela-Rodriguez has not indicated whether he consents or objects to this Motion.

1. On November 30, 2022, the Grand Jury for the District of Maryland returned an indictment charging the Defendants with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). ECF No. 1. Defendants Wilson Arturo Constanza-Galdomez, Edis Omar Valenzuela-Rodriguez, and Jonathan Pesquera-Puerto had their initial appearances on December 7, 2022. ECF Nos. 11, 16, 20. In addition, Defendant Valenzuela-Rodriguez had his arraignment on December 7, 2022. ECF No. 12.

2. Defendant Wualter Orellana-Hernandez had his initial appearance on September 7, 2023. ECF No. 36. Defendant Orellana-Hernandez entered a guilty plea on October 2, 2024. ECF No. 62.

1

3. Under the Speedy Trial Act, a criminal defendant must be brought to trial within seventy days of the defendant's indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Act provides for various circumstances under which a court may exclude time from this calculation. 18 U.S.C. § 3161(h).

4. Periods of delay that would extend the time within which trial must commence include delay resulting from pretrial motions, including this motion, and pretrial suppression motions. See 18 U.S.C. § 3161(h)(1)(D). Although Section 3161(h)(1) enumerates specific excludable proceedings, the list is not exhaustive. See 18 U.S.C. § 3161(h)(1) (excluding from computation "[a]ny period of delay resulting from other proceedings concerning the defendant, *including but not limited to …*") (emphasis added).

5. A continuance beyond the seventy-day speedy trial date is also permissible where granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Factors that the Court must consider in making this determination are set forth in Section 3161(h)(7)(B) and include whether the failure to grant the continuance would "result in a miscarriage of justice" or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B). This analysis considers a number of factors, including "whether the defendant needs reasonable time to obtain counsel" and "whether counsel needs additional time for effective preparation of the case." See United States v. Mallory, 461 F. App'x 352, 358 (4th Cir. 2012) (unpublished).

6. The United States respectfully submits that the circumstances in this case justify a continuation of the trial date beyond the speedy trial date. The United States has made several

substantial discovery productions consisting of several thousand pages of paper discovery, native video files, native photograph files, and call detail record spreadsheets. The United States also provided and/or has made available to defense counsel several hundred gigabits of native discovery documents, which required copying the discovery on external hard drives. Because of the volume of discovery, the parties need additional time to produce and review discovery. In addition, the parties have commenced plea discussions to determine if they can reach a resolution without the need for a trial, and they require additional time for those discussion to continue.

7. Although the parties are still engaged in plea discussions, the parties contacted the Court on August 27, 2024 to request a scheduling order. Counsel for the parties conferred with the Court to select a mutually agreeable schedule for pretrial motions and for a trial. By Letter Order dated September 13, 2024, the Court set a briefing schedule for defense motions and scheduled a motions hearing for June 2, 2025. ECF No. 61. The Court also scheduled a jury trial to begin on September 2, 2025. Id. Although a trial schedule has been set, the parties expect to continue their plea discussions to determine if this case can be resolved without a trial.

8. Despite the exercise of due diligence by the parties, the United States and the Defendants require additional time to complete discovery, engage in plea discussions, prepare and file motions, and prepare for trial. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the Defendant in a speedy trial.

9. For the reasons described above, the United States requests exclusion of time from the Speedy Trial Act from November 30, 2024 through September 2, 2025. Counsel for Defendants Constanza-Galdomez and Pesquera-Puerto have indicated that they consent to the relief requested in this Motion. Counsel for Defendant Valenzuela-Rodriguez has not indicated whether he consents or objects to this Motion.

WHEREFORE, the United States respectfully requests that the Court grant this Motion and enter an Order excluding time under the Speedy Trial Act for the period from November 30, 2024 through September 2, 2025, subject to further Order of this Court.

                                                Respectfully submitted,

                                                Erek L. Barron
                                                United States Attorney

                                By:         /s/ Anatoly Smolkin
                                               Anatoly Smolkin
                                               Assistant United States Attorney

Dated:   December 1, 2024