# JULIE M. REAMY | Attorney At Law, LLC

One Olympic Place, Suite 900, Towson, Maryland 21204
Office: (410) 605-0000 / Email: juliereamy@gmail.com

April 11, 2025

Alex Kalim, Esq.
Assistant United States Attorney
36 S. Charles St., Suite 400
Baltimore, MD 21202
Alex.kalim@usdoj.gov

Matthew Hoff
Assistant United States Attorney
36 S. Charles St., Suite 400
Baltimore, MD 21202
Matthew.hoff2@usdoj.gov

Sent via Email

Re:   *United States v. Wilson Arturo Constanza-Galdomez*
      *United States v. Edis Omar Valenzuela-Rodriguez*
      *United States v. Jonathan Pesquera-Puerto*

      Case No. SAG-22-0409

Dear Mr. Kalim and Mr. Hoff,

On behalf of Mr. Constanza-Galdomez, Mr. Valenzuela-Rodriguez and Mr. Pesquera-Puerto, we write in response to your April 2, 2025 letter, ECF 73, and your follow up letter on April 4, 2025, ECF 75. In both these letters you have informed the Court that the Government is reviewing its April 22, 2024, decision to *not* seek the death penalty against these Defendants, ECF 48, and have invited counsel to appear before the Attorney General's Capital Review Committee, on an expedited timeline. For the following reasons we believe such a reconsideration would be improper, unfair to our clients, and against the law:

1) On November 20, 2022, the Grand Jury for the District of Maryland returned an indictment charging the Defendants with conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d). ECF 1. Defendants Constanza-Galdomez, Valenzuela-Rodriguez, and Pesquera-Puerto had their initial appearances on December 7, 2022. ECF 11, 16, 20. All of the Defendants were detained by agreement and have been incarcerated since. ECF 14, 17, 21. As you know, 18 U.S.C. §1962(d) does not carry with it a possible death sentence. Thus, unlike the other prior "no seek" cases this Committee is reviewing pursuant to the February 5th memo of Attorney General Bondi, this case has *never* had a capital-eligible count.

2) The three signatories to this letter are not "learned in the law of capital cases." Charging a defendant with a death eligible count triggers protections for the accused. As 18 U.S.C. §3005 indicates, "(w)hoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases…" See also *United States v. Boone*, 245 F.3d 352 (4th Cir. 2001)(Section 3005 provides defendants an "absolute statutory right to two attorneys in cases where the death penalty may be imposed," at least one of whom must be "learned in the law applicable to capital cases."). Since this indictment has never been for a capital crime, the assignment of learned counsel, which is mandatory under Section 3005, has never been made. As the court in *Boone* noted, learned counsel play a critical role in the authorization process for death penalty prosecutions, "including investigation into relevant factors" and "presenting mitigation factors counseling against imposition of death. *Id.* at 360.

3) In addition to not having learned counsel, undersigned counsel have never retained mitigation specialists or sought to conduct a mitigation investigation, which is mandated by the 2003 ABA Guidelines and countless United States Supreme Court cases. See, e.g., *Williams v. Taylor,* 529 U.S. 362 (2000); *Wiggins v. Smith,* 539 U.S. 510 (2003); *Porter v. McCollum,* 558 U.S. 30 (2009).

4) Although this case has never been capital-eligible, the Government nonetheless, and gratuitously, informed counsel and the Court that it was not seeking the death penalty. On April 22, 2024, the Government filed a Notice of Intent Not to Seek the Death Penalty. ECF 48. In this filing, the Government informed the parties "that the Attorney General has directed this Office not to seek to (sic) death penalty against Wilson Arturo Constanza-Galdomez, Edis Omar Arturo Valenzuela-Rodriguez, Jonathan Pesquera-Puerto, and Walter Orellana-Hernandez."

5) Defense counsel relied on the fact that the instant case was not capitally eligible, and that the Government confirmed that it was not seeking the death penalty, over the course of this litigation. On the very same day the Government filed its Notice of Intent Not to Seek the Death Penalty, the Government filed a *Consent Motion to Exclude Time From Speedy Trial Calculation*s. ECF 49. In this motion the Government requested to exclude time under the Speedy Trial Act for a period from March 1, 2024, to May 30, 2024. One of the reasons for this request was "(f)inally, in March 2024, the Department of Justice directed this Office not to seek the death penalty against the Defendants in this case. It was in the interest of justice to delay setting a schedule in this case while the determination as to the death penalty was ongoing." ECF 49, page 3, attached. On September 13, 2024, by agreement, a motions schedule and a trial date of September 2, 2025, was chosen. ECF 61. A second *Consent Motion to Exclude Time From Speedy Trial Calculations* was filed on December 1, 2024, ECF 66, asking the Court to exclude time until the September 2, 2025 trial date was filed. These scheduling agreements and consent motions

to exclude time were based on the Government's representations that they were not seeking the death penalty. If there had been any notion that the Government would reverse its decision, defense counsel never would have consented to the Government's motions to exclude time.

6) This case, almost three years old, has a firm trial date of September 2, 2025, and undersigned counsel would object to any continuance request, as such a request would violate the Defendant's speedy trial rights, and would be contrary to Judge Gallagher's statement during our April 3rd conference call, that "this case will not be continued."

This case has been non-capital since the return of the indictment almost three years ago, and this fact was reinforced by the Government in its notice not to seek the death penalty. It has been treated as such by all counsel, all the accused, the Government, and the Honorable Stephanie Gallagher. The Defense has relied on the indictment and the representations of the Government in its trial preparation, pretrial motion litigation, investigation, expert assistance, plea negotiations, and client advice. It is fundamentally unfair and unlawful for the Government, at this very late date, to now change its mind and seek to authorize a capital prosecution against the Defendants. Such a reversal would substantially prejudice the Defense and amount to an unconstitutional violation of due process.

We are always willing to meet with representatives of the government to discuss this case, and so agree, at your invitation, to attend a meeting with the Capital Case Committee at the Justice Department in Washington, D.C. to answer questions and share information, to the extent we can do so consistent with our clients' best interests. But you should be clear it has been and remains our position that, given the non-capital indictment, prior no seek, and the arguments asserted above, the government may not lawfully undertake an authorization process in this case given what has transpired over the past 29 months. And our agreement to meet should not be mistaken for a voluntary participation in such an authorization process or a retreat in any other way from our position.

Sincerely,

/s/ Julie M. Reamy_____
Counsel for Wilson Arturo Constanza-Galdomez


 /s/ Richard Bardos_____
Counsel for Edis Omar Valenzuela-Rodriguez


 /s/ Tyler Mann_____
Counsel for Jonathan Pesquera-Puerto