IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.: SAG-22-409 |
| | * | |
| **JONATHAN PESQUERA-PUERTO** | * | |
| **Defendant** | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE TO GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE**

Jonathan Pesquera-Puerto, Defendant, by and through counsel, Tyler Mann, respectfully files this Response to Government's Consolidated Motions in Limine, ECF 140, and asks this Court to Deny their motions.

**ARGUMENT**

I.   **Location of witnesses and witnesses' families**

Mr. Pesquera-Puerto is keenly aware of the danger trial witnesses may open themselves up to in any criminal trial, much less one involving MS-13 and homicides. But at this juncture Mr. Pesquera-Puerto, is only accused of a crime, and still is cloaked in the presumption of innocence. It bears reminding the Government that the Defendants in this care are *alleged* "members and associated of violent subsets of the MS-13 gang that operate in and around the state of Maryland…" ECF 140, p.2.

Nevertheless, Mr. Pesquera-Puerto does not seek the physical address of any civilian witness or family member. One caveat would be, that if any witness has received housing assistance, including moving expenses or security expenses, Mr. Pesquera-Puerto requests this information to be provided and contends it is ripe for cross examination on

the issue of motive. Mr. Pesquera-Puerto also requests the ability to ask a law enforcement witness or expert witness their business address.

**II.     Potential penalties cooperating witnesses face absent cooperation**

Mr. Pesquera-Puerto agrees that issues of sentencing and maximum penalties is not in the purview of the jury, the Government now tries to attach this same limitation to cooperating witnesses, to which the Defendant vehemently disagrees.

"The Confrontation Clause of the Sixth Amendment, which guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him, includes the right of effective cross-examination.'" *US v. Larson*, 495 F. 3d 1094 (9th Cir., 2007), *citing Davis v. Alaska*, 415 U.S. 308 (1974). The *Davis* Court went on to hold, "Effective cross-examination is critical to a fair trial because cross-examination is the principal means by which the believability of a witness and the truth of his testimony is tested." *Davis* at 316. The Supreme Court has recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. *Id.*

A trial judge retains wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. *US v. Ambers*, 85 F. 3d 173 (1996), quoting *Delaware v. Van Ardsell*, 475 U.S. 673 (1986). The constitutional right to cross-examination is subject to the "broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, but that limitation cannot preclude a defendant from

asking, not only 'whether the witness was biased' but also to 'make a record from which to argue why the witness might have been biased.'" *Larson* at 1102 (quoting *Davis* at 318).

The Government now seeks to limit Mr. Pesquera-Puerto's ability to inquire about what sentences a cooperating witness seeks to avoid. The Government cites *Little v. Warren*, No. 2:14-CV-10166, 2015 WL 6108248 (2015) as reasoning to preclude questioning witnesses about sentences they could have received. In *Little*, "Little's trial lawyer attempted to question Jones (a co-defendant and cooperator) about the possible sentences associated with torture and kidnapping, but the prosecutor objected." *Id*. On habeas review, United State's District Court for the Eastern District of Michigan, found no error in the trial judge's decision to preclude questions regarding potential maximum sentences. In reaching their decision, the *Little* court looked to a number of cases, such as *United States v. Sheetz*, 293 F. 3d 175 (2002), and *United States v. Arocho*, 305 F. 3d 627 (2002), both of which restricted questioning of witnesses but in regards to sentencing guidelines for fear it would be confusing and distracting to the jury. *Little* at 5.

*Little* is distinguishable from the case before this Court. *Little* is a 2012 Michigan state trial, that was taken up by the United States District Court for the Eastern District of Michigan on petition for a writ of habeas corpus, therefor the standard of review is different. The Little court writes:

> To be sure, the trial court's restriction on defense counsel's cross-examination of the cooperating co-defendant kept from the jury relevant information that could have been used in assessing the cooperating witness's credibility. And, had this Court been sitting as the trial judge, it would almost certainly have permitted the broader exploration of the sentence avoided by the witness through cooperation. But that is not the test to be applied on a habeas review. In habeas corpus proceedings, the test is whether the state court's decision is contrary to or an unreasonable application of clearly established Federal law as determined by Supreme Court precedent – a test which, as indicated, the Court finds is not met in this case.

*Id.* at 6.

Though the case before this Court and *Larson*, *supra*, are not identical, (Mr. Pesquera-Puerto does recognize that cooperating witnesses and co-defendant's may not have been facing any mandatory sentences) *Larson* does provide a framework for this Court to consider this issue. In *Larson*, the defense was precluded from asking a cooperating witness, who had been Larson's codefendant, about potential mandatory sentences they faced without cooperating. Finding that the district court erred in precluding Larson's inquiry, the Ninth Circuit said the following:

> The fact that Lamere (the witness) faced a mandatory minimum sentence of life imprisonment in the absence of cooperation with the Government was clearly relevant to assessing his testimony, as it would reveal to the jury Lamere's potential biases and motivations for testifying against Defendants.
>
> In evaluating whether other legitimate interests out-weighed Defendants' interest in presenting the evidence, 'we begin by considering the probative value of the evidence.' The probative value of a mandatory life sentence is significant. A cooperating witness who faces a statutorily mandated sentence of life unless the government moves for reduction of the sentence has a compelling incentive to testify to the government's satisfaction. Thus, the mandatory nature of the potential sentence, the length of the sentence, and the witness' obvious motivation to avoid such a sentence cast considerable doubt on the believability of the witness' testimony.

*Id.* at 1104. (internal citation omitted).

*Larson* found that "while the Government has an interest in preventing a jury from inferring a defendant's potential sentence, any such interest is outweighed by a defendant's right to explore the bias of a cooperating witness who is facing a mandatory life sentence." *Id.* at 1105 (citing *United States v. Chandler*, 326 F.3d 210, 223 (3rd. Cir. 2003)("While the government had a valid interest in keeping from the jury information from which it might infer [the defendant's] prospective sentence were she to be convicted, that interest...had to yield to [the defendant's] constitutional right to probe the possible biases, prejudices, or ulterior motive of the witness against her."). Ultimately, the Ninth Circuit reversed

Larson's conviction finding that the cross-examination permitted by the trial court did not reveal the magnitude of the cooperating witness's incentive to testify to the Government's satisfaction and was therefore insufficient to allow the jury to assess his credibility. *Id.*

It should be noted, that the names of civilian and cooperating witnesses have not been disclosed to the Defendants yet. More importantly, their plea agreements and cooperation agreements have also not been disclosed. Mr. Pesquera-Puerto is in the dark about who will be testifying against him and what benefits they seek in cooperating with the Government. The *Larson* Court held:

> Where a plea agreement allows for some benefit or detriment to flow to a witness as a result of his testimony, the defendant must be permitted to cross-examine the witness sufficiently to make clear to the jury what benefit or detriment will flow, and what will trigger the benefit or detriment, to show why the witness might testify falsely in order to gain the benefit or avoid the detriment.

*Larson* at 1105 quoting *United States v. Schoneberg*, 396 F.3d 1036 (2004).

The government seeks to convict Mr. Pesquera-Puerta and each of his two co-defendants of VICAR murder charges in this case. If they are successful, a life sentence will be mandatory. Confining the Defendant to merely asking a witness if their penal exposure prior to their cooperation was "significant," "substantial," "lengthy" or "considerable" unfairly minimizes the level of motivation and incentive involved in a decision to testify for the government, especially in a case like this. A witness's interest in avoiding the most significant of penalties, including a mandatory life sentence, is critical to any legitimate inquiry into possible bias, prejudice, or other ulterior motive to testify and, ultimately, to the jury's assessment of their credibility. For these reasons, the concerns identified by the government must give way to the defendant's 6th Amendment right to confrontation in this case.

**WHEREFORE,** Defendant respectfully requests that his motion be granted.

Respectfully submitted,

_____/s/_____
Tyler Mann
Federal Bar No. 30028
Law Offices of Mann & Risch,
101 E. Chesapeake Ave, Suite 403
Towson, Maryland 21286
Office: (410) 929-5145
Fax: (410) 625-5809
Email: tyler@mannrisch.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of July 2025, a copy of the foregoing was filed electronically in the United States District Court for the District of Maryland, was served electronically through the Clerk of the United States District Court using CM/ECF, and by email upon Assistant United States Attorney Alex Kalim and Grace Bowen.

_____/s/_____
Tyler Mann