UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

    V.                              *       Cr. No. SAG-22-409
EDIS OMAR VALENZUELA-RODRIQUEZ, *ET AL.*

    **Defendant**                    *

For: EDIS OMAR VALENZUELA-RODRIQUEZ

### MOTION TO EXCLUDE GOVERNMENTS EXHIBITS 701 AND 701-A

    EDIS OMAR VALENZUELA-RODRIQUEZ, by his undersigned counsel, hereby moves this Honorable Court to exclude Government's Exhibits 701 and 701-A and as grounds states:

    The Government has indicated it intends to offer Exhibits 701, which are documents in Spanish that the Government contends were taken from the defendant's cell at the Baltimore County Detention Center, and 701-A, which it the proposed translation of those documents.[1]   These documents should be excluded for two reasons: no one with personal knowledge of the collection of these documents will testify at trial and, secondly, these documents were not properly identified in discovery.

    These documents are critical in this case.    While the Government has several cooperators who will testify about this defendant, those witnesses are testifying for a deal with the Government and the defense challenges the credibility of the testimony.    MS-13 documents found in a defendant's own jail cell would be direct confirmation of the cooperators's testimony, a significant boost to the Government's case.    Thus, because of

---

[1] This motion does not concern the accuracy of the translation of the documents.   If 701 is excluded, 701-A would have no purpose to be introduced.

their critical nature, ensuring that they are are only presented to the jury with the proper authentication and personal knowledge of their origin is of the utmost importance.[2]

On Friday, September 5, 2025, the Court received two documents from Government counsel: Bates Nos. 0069 and 5538.[3]  Neither contains any reference or information as to how the documents at issue were collected nor any identification of whomever collected the documents.   Indeed, Document 0069 is only a copy of a series of what appear to be MS-13 documents with no reference in that document.   Even looking at the documents provided with 0069 do not provide any indication as to where the documents were seized: the prior document, 0059 is an application for phone records for Gabriela Ardon and the next document, 0131, is an application for pen register information for Mr. Castillo's phone.   So, although it is over 60 pages of material, nothing suggested it was related to being possessed in this defendant's cell.

By contrast, when the Government disclosed the alleged jail documents for Mr. Constanza-Galdomez, numbers 2407 and 2113, they were preceded by an email stating that the following documents were found in Constanza-Galdomez' cell, 2106, and followed by documents that expressly discuss Mr. Constanza-Galdomez.   Doc. 2120. Thus, one reading the discovery for Constanza-Galdomez' documents could readily identify those document being related to him.   No such context exists with Mr. Valenzuela-Rodriquez.

---

[2]   In an analogous situation, in, say, a drug distribution case, allowing testimony in general that drugs were found in the defendant's cell, without requiring first-hand knowledge of when, how and where they were found would be grossly improper.

[3]   The Court referred to 0069 and Exhibit A and 5538 as Exhibit B.   This memorandum, however, cites that Bates page numbers to be able to point to specific pages contained in those Exhibits.

I     <u>Admissibility requires first hand knowledge of the collection of the Exhibits</u>

More importantly, the Government presented Ofcr. McDowell regarding Mr. Constanza-Galdomez' documents, but was crystal clear that he did not obtain those documents from that defendant's cell. His testimony, not from first hand knowledge but rather only about "policy", was that when a defendant is taken from his cell for discipline, before leaving the cell, the inmate puts his belongings in a package of some sort. This testimony was not challenged on behalf of Constanza-Galdomez, but it is plainly insufficient for the admissibility regarding documents attributed, by second or third hand, to Mr. Valenzuela-Rodriquez. Admissibility depends on the testimony of either the person who collected the documents or witnessed the collection first hand. Neither is expected to be presented in this case, nor are there any records showing who those persons are.

In fact, the very document on which the Government relies, 5538, proves McDowell to be incorrect, at least with regard to this defendant. The Government offers that the handwritten notation on the first page of 5538 that reads "8/3/20 possessed paperwork/letters discussing MS business and membership" should be sufficient disclosure to allow the introduction of the documents. Page 5607 of 5538, however, is a report from 8/1/20 in which this defendant is removed from his cell for disciplinary reasons and taken to disciplinary segregation. Page 5607 states that Mr. Valenzuela-Rodriquez was handcuffed and immediately removed from the cell - he did not pack up anything nor was he permitted to do so. Assuming the "8/3/20" reference is from the same incident and the documents collected at or around that time, this defendant did not pack up these documents; they must have been collected at a later time and by

someone else- possibly as late as two days after this defendant already left the cell. Thus, even the third hand statement from Ofcr. McDowell is incorrect regarding Mr. Valenzuela-Rodriquez being the source of these documents.

As with any piece of evidence, and particularly critical pieces, the evidence is only admissible through the first hand knowledge of someone who collected the evidence. In addition to being required by the Rules of Evidence, it is also required by the defendant's Sixth Amendment right to cross-examine the witnesses against him. Mr. Valenzuela-Rodriquez, through counsel, has the right to question the person who claims to have located the documents to determine, for example, where they were found - hidden or in the open - or whether those documents were found after Mr. Valenzuela-Rodriquez had been removed from the cell when other inmates had access to his cell in the interim. Without the proper evidentiary foundation, Exhibit 701 is inadmissible.

II.   <u>Disclosure in discovery was inadequate to permit introduction of the Exhibits</u>

As indicated above, the full panoply of documents attributed to this defendant were produced in Production 1, but were not identified in any way as relating to this defendant. That disclosure was insufficient to put the defendant on notice that the Government intended to seek to introduce these documents as his.[4]

The Government then seeks to rely on document 5538. That document is 76 pages long and contains many pages entirely unrelated to the jail documents. Most critically that document does not identify when, or by whom, the documents were collected. Further, although the document is titled as a "Gang Membership Information Sheet" for this defendant, there are but only two small references to the idea that the documents

---

[4] The documents themselves are not signed by this defendant and do not appear to contain his name.

came from Mr. Valenzuela-Rodriquez, and neither that they came from his cell or that he was seen in possession of them.

First, page 5583 is an email from McDowell to Ofcr. Hodnicki that says, as the subject "Valenzuela-Rodriquez, Edys property" and lists an attachment "1491_001.pdf." This email is followed by only 10 pages of documents and those documents are not labeled "1491_001.pdf."   Even assuming these are the documents to which the email refers, there is no information about where or when or how they were obtained.   Further, the documents in Exhibit 701 <u>are not</u> included in the records following McDowell's email. Compare Exhibit 701 and pages 5605-5584.   While the records in 0069 do contain the same records as Exhibit 701, again, that disclosure made no reference at all to being related to his defendant.

The only other reference at all in 5538 to these documents being possessed by this defendant appears on page 5566, with an unidentified author's hand written notation that reads, in full, "In Valenzella-Rod. [sic] #471575 property."   In addition to no indication as to when, where or by whom the documents were collected (or even whether the author was relaying further hearsay), the documents in Exhibit 701, again, are not included in 5388.   Compare Exhibit 701 with pages 5568-5577.   The only disclosure prior to trial of Exhibit 701 was in document 0069 with no reference to Mr. Valenzuela-Rodriquez.

As referenced above, these are critical documents in this case.   Discovery should have identified them as being alleged to have come from this defendant's cell or person, and should have identified the person with first hand knowledge of how they were collected.   Without such disclosure, the documents are inadmissible.   Further, the documents disclosed in discovery, particularly the record of the defendant being removed

from his cell before any documents were collected, indicate that, in fact, this defendant did not collect up these documents. Exhibit 701, and its translation, should be excluded.[5]

WHEREFORE, defendant moves this Honorable Court to exclude Government's Exhibits 701 and 701-A.

Respectfully submitted,

_____/s/_____
Richard Bardos, Of Counsel
Schulman, Hershfield & Gilden, P.A.
1 East Pratt Street, 9th Floor
Baltimore, Maryland 21202
(410) 332 0850

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th of September, 2025, a copy of the foregoing was served electronically by ECF to: Office of the United States Attorney, 36 South Charles Street, Fourth Floor, Baltimore, Maryland 21201 and all defense counsel.

_____/s/_____
Richard Bardos

---

[5] To be clear, the defense is not in any way suggesting any nefarious activity by Government counsel in this matter. In fact, Government counsel in this case has been extraordinarily open in discussing the case in general and the evidence. These documents did not arise when the defendant was in federal custody; they appear to be obtained from the Baltimore County Department of Corrections, over whom Government counsel has no control and could not direct the Baltimore County officers to comply with federal requirements for the obtaining and preservation of evidence. The defendant's challenge to the admissibility of Exhibit 701 does not depend on a finding of any bad faith by the Government, as none could be found here. Rather, the challenge is made necessary to protect this defendant's sixth Amendment rights to cross examine witnesses and to a fair trial.