UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. 1:22-CR-409-SAG** |
| | * | |
| **WILSON ARTURO CONSTANZA-GALDOMEZ,** | * | |
| a.k.a Humilde, | * | |
| a.k.a Marco Saravia, | * | |
| **EDIS OMAR VALENZUELA-RODRIGUEZ,** | * | |
| a.k.a Little Felon, and | * | |
| **JONATHAN PESQUERA-PUERTO,** | * | |
| a.k.a Truney, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | ****** | |

### Government's Response in Opposition to Defendant Valenzuela's Motion to Exclude Exhibits 701 and 701-A

The United States of America, through its attorneys, Kelly Hayes, United States Attorney for the District of Maryland, James Wallner, Assistant United States Attorney, David L. Jaffe, Chief of the Violent Crime and Racketeering Section ("VCRS"), and Grace Bowen and Christopher Taylor, Trial Attorneys, respectfully submit this Response in Opposition to defendant Valenzuela-Rodriguez's Motion to Exclude Exhibits 701 and 701-A, ECF No. 163, (the "Motion"). The government intends to offer exhibits 701 and 701-A in its case in chief as evidence of defendant Valenzuela-Rodriguez's involvement in MS-13. For the reasons stated below, these exhibits should not be excluded.

Exhibit 701, plus additional pages that the government did not submit for translation, was disclosed in Production One of discovery on May 26, 2023. The government disclosed gang packet, Bates number USA-5538, describing two incidents where MS-13-related paperwork and letters were collected from defendant Valenzuela-Rodriguez's property, in Production Four on

July 18, 2025.[1] Additional documents documenting when and how the MS-13 paperwork was collected were emailed to counsel for Valenzuela-Rodriguez on September 3, 2025. See Ex. A. The government mistakenly believed those documents had been previously produced. Notwithstanding that mistake, the defense has had proper time to review the additional documents included in attachment A, such that they could cross examine Officer McDowell, the officer who collected those documents from defendant Valenzuela-Rodriguez's property.

As an initial matter, the documents from 701 make various references to defendant Valenzuela-Rodriguez, though by his nickname, Felon. Page three of the document has a letter "For the FLN;" page five is a letter to "My brother, El. F.;" page six is a letter "To my brother, El. F." with "HCLS" below it (HCLS is the abbreviation for defendant's clique, Huntington Criminales Locos Salvatrucha); page eight is the end of a letter signed "sincerely, F.L.N H.S.L.S.; page nine appears to be song lyrics that start out "What's up, El felon, along with my demonic legions, here I come, arriving with the H.S.L.S." and further down "El Felon, will tear them apart. That's how I be walking possessed and demonized;" those same lyrics appear on page 14; page 15 has lyrics stating "I shall come-come and dismember them, along with El Humilde, we've been walking since-since Baltimore city . . . The H.C.L.S." Valenzuela-Rodriguez is the only defendant in this case whose nickname is "Felon" and he was part of the H.C.L.S clique. Therefore, it is not a shock that these documents came from defendant Valenzuela-Rodriguez, a/k/a Felon.

The document that is Bates numbered USA-5538 states on the first page that defendant Valenzuela-Rodriguez possessed MS-13 documents on August 3, 2020, and November 23, 2020, while incarcerated at Baltimore County Detention Center ("BCDC"). Starting on page 30 of this

---

[1] This document contained information about interviews with witnesses and, for the safety of those witnesses, was not produced until closer to trial.

document, there are emails between Officer McDowell from BCDC, who is a witness subject to recall, and Detective Hodnicki, who testified on September 5, 2020, and could also be recalled. The subject of the email from Officer McDowell to Detective Hodnicki on August 3, 2020, states "Valenzuela-Rodriguez #471575 property." Further communication between the two clearly shows that when inmate Valenzuela-Rodriguez was involved in an incident in the jail, Officer McDowell would report it to Detective Hodnicki and would pass along any MS-13 related letters found in Valenzuela's property.

Defendant claims that Officer McDowell is not the proper witness to admit these documents. However, Officer McDowell testified on cross examination, and could testify further when re-called, that after an inmate is involved in an incident and sent to restrictive housing, the inmate packs up his belongings and signs a receipt that is placed in a box with those belongings. The box is then labeled with their name. Officer McDowell's role was to go through that property and look for any gang indicia, as he was the Gang Intelligence Sergeant at that time.

Defendant contests that "admissibility depends on the testimony of either the person who collected the documents or witnessed the collection first hand." ECF. 163 at 3. However, to satisfy Federal Rule of Evidence 901(a), the "proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." An example of this, as listed in FRE 901(b)(1) is "testimony of a witness with knowledge. Testimony that an item is what it is claimed to be." Officer McDowell will testify that this document came from property collected from Valenzuela-Rodriguez's cell and was in a box labeled with his name. Further, the translation of the document shows that it includes letters passed between Valenzuela-Rodriguez and other MS-13 members, and song lyrics referencing Valenzuela-Rodriguez's involvement in MS-13 activities.

At its core, this amounts to a chain of custody issue, which is not a bar to admission. *United States v. Jones*, 356 F.3d 529, 536 (4th Cir. 2004); *United States v. Perry*, 92 F.4th 500, 515 (4th Cir. 2024). Even with a missing link in the chain of custody, the testimony need just be "sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." *Perry*, 92 F.4th at 515. The jail's policy regarding defendants packing up their own items and those items being placed into storage is a chain of custody issue that defendant can challenge during his cross examination of Officer McDowell. It goes to the weight of this evidence, not its admissibility. That, combined with testimony about Valenzuela-Rodriguez's nickname and the translation of these letters indicates that the item is what it is purported to be: documents collected from Valenzuela-Rodriguez's property at BCDC.

Defendant claims that the document describing the various jail incidents indicates "Valenzuela-Rodriguez was handcuffed and immediately removed from the cell-he did not pack anything nor was he permitted to do so." ECF 163 at 3. In fact, at page 5606, the incident report says that the defendant was transported to medical treatment and cleared to be transferred to restrictive housing. It then states he was "escorted to 3F cell # 8 where he was strip searched with negative results." Nothing in the document says he was not permitted to go back and pack up his belongings. The report doesn't reference what happens to his belongings; however, Officer McDowell, who has worked at the BCDC for approximately 20 years, testified as to what happens to the property. Defendant states that Officer McDowell is incorrect but, again, this is an issue that defendant can pursue on cross-examination with Officer McDowell, and which will go to the weight of the evidence, not its admissibility. Certainly, if the defendant wants to call an additional witness to counter Officer McDowell's testimony, he can do so.

Finally, the defense claims the disclosure of the documents was inadequate to put him on notice that these documents would be admitted as his. The government mistakenly thought the additional documents attached here as exhibit A were previously produced. It sent the three-page document to defense counsel the night before Officer McDowell testified, at that point, defense counsel made the government aware that these had not been previously produced. The government searched through the previous productions and was unable to locate them. Those pages include a system entry by Officer McDowell that states "[w]hen searching inmate Valenzuela-Rodriguez's property in restrictive housing unit storage, Sgt. McDowell discovered several hand written documents with MS13 drawing and gang style writing on them. Copies were made and emailed to BCoPD Homicide and GET for further translation." The system entry was made on November 23, 2020. Officer McDowell would testify that the documents he refers to in that system entry are the documents included in Exhibit 701. The government could wait to re-call Officer McDowell until September 10th or 11th in order to give defendant additional time to review Exhibit 701 and the additional documents relating to Exhibit 701's collection.

Alternatively, if the court finds that notice that exhibit 701 came from defendant Valenzuela-Rodriguez's property was not sufficient, the government proposes that it should be permitted to show Officer McDowell the pages included in the Bates numbered document 5538 that were collected from Valenzuela-Rodriguez's property on August 3, 2020. The government has not had those documents translated but could have the translation expert testify to their English translation or, alternatively, could redact the words and just introduce the pictures from those documents.

Accordingly, the defendant's Motion, ECF No. 163, should be denied.

                Respectfully submitted,

By: _____/s/_____
     Grace Bowen
     Trial Attorney
     Violent Crime and Racketeering Section
     U.S. Department of Justice
     Tel.: (202) 365-5795